[No. 2505-3.   Division Three.   June 6, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. EDWARD LEONARD HAGGARTY, *Respondent.*

*Ronald R. Carpenter, Prosecuting Attorney,* for appellant.

*Savage, Nuxoll & McBride* and *Wesley A. Nuxoll,* for respondent (appointed counsel for appeal).

ROE, J.—The State appeals a suppression order. We reverse.

Four uniformed police officers went to the apartment of Stuart Hamilton to execute a search warrant for stolen property. Upon arriving at the apartment, two of the officers waited at the back door while the other two went to the front door. One of the officers at the front door knocked and stated: "Police officers, we have a search warrant, open this door."[1]

After approximately 30 seconds, Hamilton opened the door. One of the two officers stated "We have a search warrant" and simultaneously pushed Hamilton back into the apartment. Hamilton and Edward Haggarty, a visitor in the

---

[1]Hamilton testified that he heard the knock, a few unintelligible words as well as "police" before opening the door.

apartment, were placed in a field–search position.[2]

Contemporaneously, one of the officers noticed the strong smell of fresh marijuana smoke and saw what he believed to be marijuana cigarette butts and zigzag papers on a coffee table within an arm's reach of where Haggarty had been seated when the officers entered. Based on Haggarty's physical appearance and reactions, the officer concluded that he was under the influence of marijuana or other drugs.

During the field search, Hamilton and Haggarty were advised that they were under arrest—the former for burglary, the latter for possession of marijuana. Immediately prior to transporting the two to the police station, Haggarty asked for his coat. Before it was handed to him, it was checked and LSD was discovered.

Haggarty was charged with possession of LSD. He moved to suppress its admission. The trial court entered findings reiterating the foregoing and concluded[3] the officers violated the provisions of RCW 10.31.040[4] and thus the LSD should be suppressed.

■ Although RCW 10.31.040 specifically applies to arrests, it is applicable to the execution of search warrants. *State v. Young*, 76 Wn.2d 212, 455 P.2d 595 (1969). It is undisputed the officers knocked, identified themselves, announced their purpose, and waited approximately 30 seconds. Thus, the critical issue[5] is whether this was sufficient

---

[2]We do not condone the force used by the officers to place Hamilton or Haggarty in the field–search position; however, the use of force after admission is gained does not undermine validity of the initial entry.

[3]The trial court denominated its conclusion a finding of fact; however, such denomination is immaterial. *McClendon v. Callahan*, 46 Wn.2d 733, 284 P.2d 323 (1955).

[4]"RCW 10.31.040 Officer may break and enter. To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance."

[5]Because of our disposition, we need not discuss either Haggarty's standing to suppress based upon illegal execution of the warrant or whether the discovery of

compliance with the statute so that when Hamilton answered the door the officers were justified in entering without reidentifying themselves, redemanding admittance, and again waiting for permission to enter.[6]

The record indicates that the officers had reasonable cause to believe that the apartment was occupied by Hamilton at the time they approached it.[7] Hence, if Hamilton had not come to the door, the officers would have been justified in forcing entry. *See United States v. Phelps,* 490 F.2d 644 (9th Cir. 1974).[8] The fact that Hamilton opened the door after a delay which would have been sufficient to warrant forcible entry should not vitiate the efficacy of the officers' prior action. In fact, the officers would have been justified in believing the door was opened as the result of their demand. To allow the opening of the door by Hamilton to nullify the prior "knock and announce" actions of the officers is tantamount to requiring them to wait for an affirmative refusal. In *State v. Jones,* 15 Wn. App. 165, 547 P.2d 906 (1976), this court held there was no requirement for an affirmative refusal before officers would be permitted to forcibly enter a residence. The officers complied with RCW 10.31.040. Hence, the trial court erred in suppressing the LSD.

█ Haggarty urges, as an additional ground in support of the suppression ruling, that the seizure of the LSD resulted from his illegal arrest. We disagree. RCW 10.31.100[9] permits a police officer having a reasonable

LSD was too attenuated from the prior entry. Neither theory was presented to the trial court or this court.

[6]The officers did reannounce their purpose.

[7]The officers waited until Hamilton's car was parked in the parking lot of the apartment before executing the warrant. Additionally, the entry was not made until late in the evening.

[8]A division of this court in *State v. Wilson,* 9 Wn. App. 909, 515 P.2d 832 (1973) approved a 10–second waiting period; however, in that case the officers had reason to believe that the occupant might be armed.

[9]"RCW 10.31.100 Officer may arrest on reasonable belief *crimes involving physical harm, taking of property or use of cannabis being committed.* Any

belief that a person has committed a misdemeanor involving the use of marijuana to arrest that person. The odor of fresh marijuana smoke, Haggarty's proximity to the marijuana residue, as well as his condition, furnished ample grounds for the officers' arresting him. The fact that the officers failed to seize the marijuana butts after the discovery of the LSD, absent a showing that the police affirmatively suppressed or destroyed evidence to cover up a pretext arrest,[10] goes merely to the "reasonability" of the basis for Haggarty's initial arrest and is not a violation of the rule espoused in *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), and *State v. Wright,* 87 Wn.2d 783, 557 P.2d 1 (1976).

The case is remanded to the superior court for trial.

McINTURFF and FARRIS, JJ., concur.

Reconsideration denied August 30, 1978.

Review denied by Supreme Court January 19, 1979.

police officer having information to support a reasonable belief that a person has committed or is committing a misdemeanor or gross misdemeanor, involving physical harm or threats of harm to any person or property or the unlawful taking of property or involving the use or possession of cannabis shall have the authority to arrest said person: *Provided,* That nothing herein shall extend or otherwise affect the powers of arrest prescribed in chapter 46 RCW." (First italics ours.)

[10]At the suppression hearing, Hamilton admitted that marijuana had been smoked in his apartment 30 to 45 minutes prior to the arrival of the police.