[No. 6633–1. Division One. August 27, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. SHEILA LOMAX, *Appellant.*

542

*Leslie J. Wildman* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas E. Kelly, Jr., Deputy,* for respondent.

DORE, J.—Sheila Lomax was convicted of possession of heroin in violation of RCW 69.50.401(c), and her appeal challenges the search which uncovered the evidence used against her.

## ISSUES

1. During the execution of a search warrant, did the police violate the knock and announce rule?

2. During the search of an apartment, did the police observe conduct which justified searching the pockets of defendant's bathrobe?

## FACTS

Officers of the Seattle Police Department served a search warrant on the apartment in question on May 4, 1977, at about 5:35 p.m. Sergeant Sanford approached the door,

knocked loudly, announced his identity and purpose in a loud voice, and waited 10 or 12 seconds without receiving any response. He could hear a very noisy stereo or television inside the apartment, and he knocked very loudly for a second time. He again announced his identity and purpose and waited another 10 or 12 seconds without receiving any response. He knocked and announced a third time, waited a few more seconds without receiving a response and then ordered the door broken down.

Upon entering the apartment, Officer Kelly saw the defendant standing in the living room with her right hand in her robe pocket. He approached her, grabbed her arm, pulled her hand from the pocket, and placed his hand into the pocket to determine if there was a weapon in it. He found a plastic bag containing five balloons of suspected heroin. His purpose in entering the pocket was to search for weapons for his own protection. He was not searching for narcotics.

## DECISION

ISSUE 1.

■ Absent exigent circumstances, officers executing a search warrant cannot enter unless they first knock, announce their identity and purpose, demand admittance and give the occupants a reasonable time to voluntarily admit them. *State v. Edwards,* 20 Wn. App. 648, 581 P.2d 154 (1978); RCW 10.31.040. Where officers have reason to believe someone is inside the residence, they may forcibly enter within a reasonable time after knocking and announcing their purpose if they receive no response. *State v. Haggarty,* 20 Wn. App. 335, 579 P.2d 1031 (1978). They need not wait for an affirmative refusal, and how long they must wait will turn on the circumstances of each case. *State v. Jones,* 15 Wn. App. 165, 547 P.2d 906 (1976). Thirty seconds has been held sufficient under circumstances similar to this case. *State v. Haggarty, supra.* We believe that the television or stereo sounds in the apartment gave the officers reason to believe the occupant of the apartment was

inside. We also believe that for that time of day, the officers gave the occupant a reasonable opportunity to admit them voluntarily. *State v. Haggarty, supra.* The officers complied with RCW 10.31.040.

ISSUE 2.

■ As stated in *Terry v. Ohio,* 392 U.S. 1, 24, 20 L. Ed. 2d 889, 908, 88 S. Ct. 1868 (1968),

> When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.

When officers executing a search warrant announce their identity and purpose, but are forced to break open a door to a residence, the risk to their personal safety is substantial. We believe that after such entry, the observation of a person with her hand in her robe pocket is sufficient to establish a reasonable belief that person might be armed. It is not a necessary prerequisite that the suspect make a furtive gesture before a pat down can occur. *State v. Sloughter,* 14 Wn. App. 814, 545 P.2d 32 (1976). Because Lomax' hand was in her pocket, the officer's quick, self–protective decision to immobilize the arm and search the pocket was a reasonable means of checking for weapons. *See State v. Sloughter, supra.*

Affirmed.

SWANSON, A.C.J., and FARRIS, J., concur.

Reconsideration denied October 18, 1979.