**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marion Bruce PHELPS, Defendant-Appellant.**

**No. 73–1260.**

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1974.

Philip Scott Ryan (Argued), J. C. Brittain (Argued), of Ryan & Wilridge,

San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., John Milano, Dennis M. Nerney, Asst. U. S. Attys., (Argued), San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

KELLEHER, District Judge:

Appellant and six others were charged in an eight count indictment with conspiracy to manufacture and distribute controlled substances, in violation of 21 U.S.C. §§ 841, 844 and 846. Appellant was named in four counts: in count two he was charged with the sale of phencyclidine hydrochloride (PCP), a proscribed substance; in count three he was charged with a further and separate sale thereof on a later date; in count four he was charged with possession thereof with the intent to distribute; and in count eight he was charged with conspiracy to violate the laws of the United States pertaining to the possession and distribution of controlled substances.

The appellant and other defendants in the trial court moved to suppress all items of evidence seized as a result of simultaneous raids carried out in three separate locations. The primary grounds relied upon and with which we are here concerned, were alleged non-compliance with 18 U.S.C. § 3109, which provides:

"BREAKING DOORS OR WINDOWS FOR ENTRY OR EXIT.—

"The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a .person aiding him in the execution of the warrant."

After three days of pretrial evidentiary hearings, the trial court granted two of the motions to suppress but denied appellant's motion based on the search of his residence. This denial and the subsequent admission into evidence of the fruits of this search constitutes the basis of appellant's case on appeal. All the fruits of the search, admittedly, were highly probative of defendant's guilt of the charges of which he stands convicted; we treat the admission of the challenged evidence as prejudicial error if wrongfully admitted.

During trial, appellant's motion for judgment of acquittal with respect to the conspiracy charge of count eight was granted. Thereafter, the jury returned a verdict of guilty as charged on counts two, three and four. Appellant moved for a new trial on the grounds that, *inter alia*, the introduction of evidence seized in the raid on appellant's home violated 18 U.S.C. § 3109. The motion was denied and appellant filed a timely notice of appeal from the judgment of conviction.

On appeal appellant asserts that: (1) the federal agents failed to comply with 18 U.S.C. § 3109, and (2) by not proving any facts showing exigent circumstances to justify a ten-second delay before forcible entry into the appellant's home, the government has failed to meet its burden to excuse non-compliance with 18 U.S.C. § 3109.

The only facts with which we are here concerned are those upon which the trial court based its findings in denying the motion to suppress evidence seized at the home of the appellant. Viewed, as it must be, in the light most favorable to the appellee, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence established facts as follows:

A daytime entry into appellant's residence in Burlingame was made by three federal narcotics agents who had warrants authorizing, respectively, the

---

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

search of the premises and the arrest of appellant. One of the agents, at approximately 1:00 p. m., knocked at the front door of appellant's residence at least twice and loudly announced that he and the others with him were federal agents with a search warrant for the premises. After hearing dog-barking and movement, but no other response, he forced open the door, entered the residence and in the kitchen found appellant who appeared slow to react, listless and apparently recovering from a dose of some unknown drug. An interval of five or ten seconds elapsed between the time that the agent first knocked and announced his identity and purpose and then he repeated this procedure; thereafter, another five to ten seconds elapsed and the agent then forced open the door and entered the premises. Another federal agent was at a side door of the premises, heard shouting at the front door, and entered the premises after the front door was forced and after the agents there made their entry.

▪ Appellant here relies on his own testimony and that of other of his witnesses generally to the effect that there was no prior knocking heard by him or reacted to by his dog, as could be expected when a stranger knocked. The trial court apparently disbelieved this evidence as probative in any way of the absence of prior knocking. We cannot disturb this finding of the trial court unless convinced that it is clearly erroneous. United States v. Page, 302 F.2d 81, 85 (9th Cir. 1962) (en banc). We are not so convinced.

We are faced with a narrow issue, but one of importance to those concerned with the proper application of a statute clearly designed to inhibit the overly zealous intrusion into the sanctity of the home by officers overly eager to execute a warrant. The narrow issue is as follows: On this record can we hold as a matter of law that there was error by the trial court in finding that the government agent was "refused admittance" so as to authorize him to "break open

any . . . door . . . of a house", within the meaning of 18 U.S.C. § 3109? We think not and, accordingly, affirm the judgment of conviction.

Taken as a whole, powerful arguments and strong showings were made in the trial court by the several defendants in support of their various motions to suppress. But the power and strength of the several motions cannot be regarded in their totality so as to avail this appellant on his case here. Despite his efforts to persuade us by the record of other extraneous acts by other agents at other premises, we are constrained to consider only the evidence relating to the narrow issue of whether the forced entry of the appellant's premises was contrary to law; that is the only issue before us.

Appellant relies heavily for his case here on some of the occurrences and some of the acts of government agents related to raids, searches and seizures of residences other than his own, but of co-defendants. Many pages of his briefs are devoted to recitals of government action, and to an invitation to us to view the motion pictures of the "Garbersville Raid". We are sufficiently informed by the record to observe that in these other raids there appeared to be action by the officers which the law proscribes under section 3109 and otherwise. The trial court, quite properly, recognized this and granted suppression motions by the co-defendants in each case where illegality was shown. The related evidence, therefore, was neither offered nor admitted against any defendant, including the appellant.

No matter what our view may be of illegal police action by other agents in other and even related raids, we cannot here impose sanctions therefor on the government or the agent here involved by denying the use of evidence properly obtained against the appellant. There is no applicable doctrine of guilt by association from which the action of the agent here involved may be tainted by shortcomings of other agents not here involved.

Appellant, in his briefs, makes clear in several ways his claim of attribution to the agent here of the sins of his fellows. Expressly, he refers to and relies on three raids, four broken windows, one dead man and other occurrences, all extraneous to the case before us. On such a basis he urges us to treat this case as one in which the exclusionary rule should be invoked as "a condemnation of the senseless violence and bloodshed which has stained these proceedings from their inception." We decline to do so because the case he seeks to make here is not the case before us.

The trial court adopted and applied the very high concepts and strong action espoused here by the appellant. Full consideration was given to each of the motions to suppress, the evidence offered was considered in support of each and there was applied the proper standard to all; the respective orders were highly discriminating and resulted in the application of sanctions where justified. The full measure of judicial condemnation was then applied where deserved; a stern warning was thereby given to federal agents concerning their wrongful conduct.

After oral argument and subsequent to submission of this case, the appellant informed the court of what is submitted as new and remedial "forced entry" regulations promulgated by the Drug Enforcement Administration subsequent to the events here involved. We conclude that all necessary remedial action has been taken, absent our judicial admonition. The standards promulgated were apparently anticipated by the trial judge. His rulings comported therewith.

We conclude that, taking all the circumstances shown by the evidence, the trial court did not improperly determine that the officer was "refused admittance" within the meaning of the statute.

We have reviewed the authorities on the question of whether some rule of law has evolved which lays down set rules as to the length of time an officer must wait before he may be deemed to have been "refused admittance" within the meaning of the statute. We are persuaded that proper construction rejects the set rule approach.

We are satisfied with the propriety and controlling effect of the rule as stated and applied by this court in McClure v. United States, 332 F.2d 19, 22 (9th Cir. 1964), cert. denied 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963 (1965). This Court declared the rule as follows:

> "There are no set rules as to the time an officer must wait before using force to enter a house; the answer will depend on the circumstances of each case."

Appellant contends here for what might be called a "ten-second rule." He predicates his contention on his reading of the record that no more than ten seconds elapsed between knock and entry. We think that the record supports a finding of a slightly longer time interval. But it matters not that the record reveals ten, fifteen, or twenty seconds, for the true rule rejects time alone, even "an exceedingly short time," such as ten seconds, as the decisive factor. *See* Jackson v. United States, 354 F.2d 980 (1st Cir. 1965). See also, the recent holding of this Court in which approval was given to the opening of an unlocked door simultaneously with the announcement. United States v. Bustamante-Gamez et al., 488 F.2d 4 (9 Cir. 1973). This Court has recently approved a ten-second interval before forceful entry in circumstances no more exigent than here presented. United States v. Allende et al., 486 F.2d 1351 (9th Cir., decided November 5, 1973). We deem the decision controlling here.

Since we conclude that the Court below, on ample evidence, found substantial compliance with the statutory requirement that the agent be "refused admittance" there is no need to, and we do not, consider appellant's contention that the government failed to justify its non-compliance with that statutory requirement.

Judgment affirmed.