[No. 1043-3.   Division Three.   November 25, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN LOWRIE, *Appellant.*

*Richard R. Greiner,* for appellant.

*Jon R. Harlan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

MUNSON, J.—Defendant appeals a conviction of unlawful possession of amphetamines. The issue to be determined is whether the trial court properly denied defendant's timely motion to suppress evidence upon the grounds that a search warrant was improperly executed by the police officers. The validity of the search warrant is not questioned. We conclude the trial court erred in not granting defendant's motion.

At 7 p.m. on September 7, 1973, several plainclothes police officers, possessing a search warrant for amphetamines, came to defendant's house. Four of the officers went to the rear door. One officer knocked, awakening the defendant, who came to the door and peered through a small crack in the blind. One officer informed the other of this fact, then stated that the defendant was apparently moving away from the window, at which time the accompanying officer announced that they were police and kicked open the door. The record indicates that, at most, 15 seconds elapsed from the time the defendant appeared at the door until the time the officers made their forceful entry. Once inside the premises, the officers found the defendant standing within 5 feet of the door, near the entry to a bedroom. The reason given for the forced entry was that the officer thought the defendant could have recognized at least one of the officers from previous encounters, unrelated to the execution of this warrant, and that he was possibly going to destroy the evidence. Amphetamines were found in the bedroom.

■ Lawful entry into private premises, under a valid search warrant, requires that officers announce their identity, their purpose and demand admittance, unless exigent and necessitous circumstances exist which will justify a forced entry. *State v. Young*, 76 Wn.2d 212, 455 P.2d 595 (1969); *State v. Neff*, 10 Wn. App. 713, 519 P.2d 1328 (1974); *State v. Wilson*, 9 Wn. App. 909, 515 P.2d 832 (1973); *State v. Singleton*, 9 Wn. App. 399, 512 P.2d 1119 (1973); *Coleman v. Reilly*, 8 Wn. App. 684, 508 P.2d 1035 (1973); *State v. Miller*, 7 Wn. App. 414, 499 P.2d 241

(1972); *State v. Hatcher*, 3 Wn. App. 441, 475 P.2d 802 (1970).

■ The purpose of the general rule is to insure that an individual's right to privacy within his home will not be arbitrarily violated. An individual should be given an opportunity to be apprised of an officer's authority, of his purpose, and be permitted a reasonable opportunity to voluntarily admit the officer into his home. An equally important purpose for the rule is to protect the officer himself. The unannounced breaking and entering of a private dwelling could easily lead an individual to believe his safety, and that of his family, was in peril, causing him to take violent defensive measures which he otherwise would not have taken had he known a warrant had been issued to search his home. This is particularly true when the officers are not in uniform. *Miller v. United States*, 357 U.S. 301, 313 n.12, 78 S. Ct. 1190, 2 L. Ed. 2d 1332 (1958). *Cf. Manduchi v. Tracy*, 350 F.2d 658 (3rd Cir. 1965), *cert. denied*, 382 U.S. 943, 15 L. Ed. 2d 353, 86 S. Ct. 390 (1965); *Commonwealth v. DeMichel*, 442 Pa. 553, 277 A.2d 159 (1971).

The officers executing this warrant did not announce their identity, their purpose, nor demand admittance. Announcing your identity as you kick in the door is not compliance with the general rule.

There is no evidence of unusual activity, noise, or conduct, indicating any circumstances which would bring the facts of this case within the exception. Failure to answer a knock at the door within 15 seconds and then merely walking away from the door is insufficient, even when coupled with a vague notion that the occupant might have recognized one of the plainclothes officers.

Judgment is reversed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied January 10, 1975.