[Nos. 1485-3; 1486-3.    Division Three.    March 24, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DURWARD GERALD JONES, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. DURWARD GERALD JONES, *Appellant*.

*Kirschenmann, Devine & Fortier, Inc., P.S.,* and *Frank Kurtz,* for appellant (appointed counsel for appeal).

*Jeffrey Sullivan, Prosecuting Attorney,* and *Catherine Lee Campbell, Deputy,* for respondent.

MUNSON, J.—Defendant, Durward G. Jones, appeals from a conviction of unlawful possession of marijuana and unlawful possession of amphetamines with intent to sell. The

issue is whether the trial court erred in denying the defendant's motion to suppress evidence obtained pursuant to a search warrant. We affirm.

About 9:30 p.m. November 6, 1974, a search warrant was obtained to search the defendant's apartment. Three officers of the Yakima City-County Narcotics Unit, after driving by defendant's apartment on several occasions to determine if he was home, ultimately went to the defendant's front door about midnight. The area was dimly lit and the drapes in the apartment were closed. The door contained a mail slot which one of the officers pushed open to see if a light was on before knocking at the door. The opening of the mail slot made a squeaky noise, awakening the defendant's wife who aroused her husband. The defendant went to investigate when he apparently heard the knock at the door. The defendant asked, "Who is it?" After an attempted ruse by the officer failed to gain entry,[1] the officer announced his identity and purpose. When the door was not opened in approximately 10 seconds, the officer kicked in the door and proceeded to execute the warrant.

A lawful entrance into a private dwelling is dependent upon compliance with RCW 10.31.040,[2] unless there exists exigent circumstances negating the necessity to comply with the statutory provisions. While the statute specifically applies to arrest warrants, it has been held applicable to search warrants. *State v. Young*, 76 Wn.2d 212, 455 P.2d

---

[1] Officer Bansmer, who was in plain clothes, responded: "Dick." The door contained a peephole, and Officer Bansmer turned his back to the door so his identity could not be determined, at which time he said the voice stated: "Turn around so I can see your face." Bansmer ducked down by the doorknob out of sight of the occupant; the occupant requested that he stand up in front of the peephole. Officer Bansmer testified: "Then I decided that he wasn't going to open the door using any trickery, so I stood up and held my badge in front of the peephole, identified ourselves as police officers, and stated that we had a search warrant for the premises."

[2] RCW 10.31.040:

"To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance."

595 (1969); *State v. Lowrie*, 12 Wn. App. 155, 528 P.2d 1010 (1974); *State v. Dugger*, 12 Wn. App. 74, 528 P.2d 274 (1974); *State v. Neff*, 10 Wn. App. 713, 519 P.2d 1328 (1974); *State v. Wilson*, 9 Wn. App. 909, 515 P.2d 832 (1973); *State v. Singleton*, 9 Wn. App. 399, 512 P.2d 1119 (1973).

It is undisputed that the officers identified themselves and announced their purpose; the narrow issue is whether they were "refused admittance." There is no requirement of an affirmative refusal. *United States v. Chambers*, 382 F.2d 910 (6th Cir. 1967); *Masiello v. United States*, 317 F.2d 121 (D.C. Cir. 1963).

The defendant contends the officers did not wait a reasonable time before forcibly entering the residence. That is a factual determination to be made primarily by the trial court. *United States v. Phelps*, 490 F.2d 644 (9th Cir. 1974); *State v. Wilson, supra*; cf. Annot., 21 A.L.R. Fed. 820 (1974). The trial court took into consideration the nighttime hour, the fact that the defendant and his family were in bed, the noise which awoke defendant's wife, the knock by the officers, their ineffectual though attempted ruse, and concluded that after the officers announced their identity and purpose, the defendant's failure to respond in any manner constituted a refused admittance.

The defendant did not testify; there is no evidence of the defendant's mental or emotional reaction to the officers' identification. Conceding that the time between the knock and disclosure of purpose and the forceful entry is borderline, we find substantial evidence to support the trial court's finding of reasonableness. As stated in *United States v. Phelps, supra* at 647:

> We are satisfied with the propriety and controlling effect of the rule as stated and applied by this court in *McClure v. United States*, 332 F.2d 19, 22 (9th Cir. 1964), cert. denied 380 U.S. 945, 85 S. Ct. 1027, 13 L. Ed. 2d 963 (1965). This court declared the rule as follows:
>> "There are no set rules as to the time an officer must wait before using force to enter a house; the answer will depend on the circumstances of each case."

Appellant contends here for what might be called a "ten-second rule." He predicates his contention on his reading of the record that no more than ten seconds elapsed between knock and entry. We think that the record supports a finding of a slightly longer time interval. But it matters not that the record reveals ten, fifteen, or twenty seconds, for the true rule rejects time alone, even "an exceedingly short time," such as ten seconds, as the decisive factor. . . . This Court has recently approved a ten-second interval before forceful entry in circumstances no more exigent than here presented. *United States v. Allende et al.*, 486 F.2d 1351 (9th Cir., decided November 5, 1973).

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied May 3, 1976.

Review denied by Supreme Court July 27, 1976.