[No. 2170–3.   Division Three.   October 12, 1977.]

THE STATE OF WASHINGTON, *Appellant,* v. EDWIN CLARENCE HILLIARD, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Terence M. Ryan, Deputy,* for appellant.

*Richard L. Cease, Public Defender,* and *Richard W. Sanger, Assistant,* for respondent.

McINTURFF, J.—The State appeals from a suppression order. We reverse.

Two uniformed officers on patrol at 2:30 a.m. observed two young men standing in front of an apartment house. The officers circled the block and returned to the area; however, by that time only one of the individuals remained. The officers stopped and inquired of him as to his name and purpose. He identified himself as John McCormack and stated he was just getting some air. Pointing to an apartment, he further stated he was on his way up to see a friend. With their attention so directed, the officers observed a potted marijuana plant in the apartment's window.

The officers then escorted the individual to the apartment to determine if his story was true. When they reached it, the door was open approximately 8 to 12 inches. The individual pushed the door open and announced: "It's John and the cops." The lights were on in the adjacent hallway, as well as the apartment. There were four people visible in the apartment. One officer asked if anyone knew McCormack. He received an affirmative answer. McCormack then went inside. The officers, however, remained outside. After spotting a large plastic bag containing what appeared to be marijuana, an officer stated that all persons inside the apartment were under arrest for felony possession of marijuana. Immediately thereafter the officers entered, confiscated the bag and took the occupants into custody.

The sole issue is whether the officers' failure to demand admittance before entry through the open door requires the suppression of the marijuana seized. We do not believe it does.

■ Although the trial court did not conduct a formal suppression hearing[1] and enter findings of fact, the record before us is uncontroverted in the fact that (1) McCormack announced the presence of the officers to the occupants of the apartment, (2) the occupants communicated with the uniformed officers through the open door, and (3) one of the officers advised the occupants that they were under arrest for felony possession of marijuana before entering. The foregoing establishes compliance with RCW 10.31.040 so as to: (1) effectuate its purpose, i.e., to prevent unnecessary violence, physical destruction of property, and unreasonable intrusions into private residences, see State v. Hartnell, 15 Wn. App. 410, 417, 550 P.2d 63 (1976), and (2) dispense with the need to demand admittance. E.g., Hopper v. United States, 267 F.2d 904, 908 (9th Cir. 1959).

---

[1]Although the criminal rules do not require a formal suppression hearing, it is advisable that a hearing similar to that envisaged in CrR 3.5 be held if the determination of the suppression motion requires a factual resolution.

The cases relied upon by the defendant are clearly distinguishable from the instant case.

As an additional ground for affirming the trial court, defendant contends that collateral estoppel precludes the submission of evidence in the instant case. We have examined the prior criminal proceeding between these parties via the affidavits of defendant's former counsel and the district court judge and find that the test adopted in *State v. Hite,* 3 Wn. App. 9, 13-14, 472 P.2d 600 (1970),[2] has not been satisfied, particularly in light of the fact that the district court judge at the time of execution of her affidavit did not remember why she granted the motion to suppress but only that she presumed she granted it because of a violation of RCW 10.31.040.

The order is vacated.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied January 19, 1978.

Review denied by Supreme Court June 2, 1978.

---

[2]Quoting from *Ashe v. Swenson,* 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970), the court in *Hite* observed: "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . .

". . . Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame, and viewed with an eye to all the circumstances of the proceedings.' *Sealfon v. United States,* 332 U.S. 575, 579 [92 L. Ed. 180, 184, 68 S. Ct. 237, 240 (1948)]. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal. (Footnotes omitted.)"