[No. 5341-1.   Division One.   May 1, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM JAMES EDWARDS, *Appellant.*

---

*Richard Hansen* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *William J. O'Brien III, Deputy,* for respondent.

PER CURIAM.—The defendant, William Edwards, appeals from a conviction for possession of heroin in violation of RCW 69.50.401(c).

The sole issue is whether sufficient exigent circumstances existed to justify the failure of police officers to comply with RCW 10.31.040, which provides:

> To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance.

It is undisputed that on the first day of April 1976, at approximately 7:30 p.m., several plainclothes police officers served a search warrant on Edwards' residence. The warrant authorized the officers to search for narcotics. Two officers approached the front door, knocked at the door, but did not say anything at that time. A few seconds later, a man appeared at the window approximately 4 feet from the front door, then quickly disappeared. The officer could not see into the house, but announced, "Police officers with a

search warrant." Although they did announce their purpose, they were not refused admittance before making a forcible entry.

Following a CrR 3.5 suppression hearing, the court concluded that although the officers had failed to comply with RCW 10.31.040, sufficient exigent and necessitous circumstances existed to justify noncompliance:

> That the entry of the defendant's residence was a forced entry after the detectives gave notice of their office and purpose as required by RCW 10.30.040 [*sic*]; that however, such entry did not strictly comply with the provisions of the statute as their [*sic*] was no specific refusal of admittance;

Conclusion of law No. 3.

> That the detectives engaged in the execution of the search warrant were aware that illegal narcotics were the object of the search; that the detectives were aware that a "lookout" was commonly stationed at the window adjacent to the front door or on the front porch of the residence; that the face of an adult male did appear at the window adjacent to the door after Detective Stokke knocked on the door; that after the detectives announced their identity and purpose and while other detectives arrived in front of the residence in two unmarked police vehicles, the face at the window quickly moved away from the window which was adjacent to the front door; that the foregoing factors led the detectives to reasonably conclude that the occupants of the premises were resolved to dispose of illegal narcotics in the event of police intrusion; that these factors justify the detectives' belief that exigent circumstances were present that neccessitated [*sic*] their immediate entry into the premises to preserve the evidence;

Conclusion of law No. 4.

■■ The defendant contends that it was error for the trial court to find that exigent and necessitous circumstances existed which excused compliance with the "knock and announce" rule. We agree. In *Ker v. California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963), the Supreme Court reiterated the requirements that forcible entry must be preceded by an announcement of identity

and purpose, but left the states to apply a standard of reasonableness. The restrictions on forcible entry are not rigid or inflexible. They are based on a case by case assessment of the reasonableness of the entry under the circumstances, *State v. Harris,* 12 Wn. App. 481, 530 P.2d 646 (1975), and are subject to certain exceptions generally recognized. In *Ker v. California, supra* at 47, an exception is recognized as being

> where those within, made aware of the presence of someone outside (because, for example, there has been a knock at the door), are then engaged in activity which justifies the officers in the belief that an escape or the destruction of evidence is being attempted.

Officers must act *reasonably* in forcibly entering a dwelling to execute a search warrant. *State v. Young,* 76 Wn.2d 212, 455 P.2d 595 (1969). The length of time that an officer must wait before using force depends upon the circumstances of each case. *United States v. Allende,* 486 F.2d 1351 (9th Cir. 1973); *McClure v. United States,* 332 F.2d 19 (9th Cir. 1964).

Lawful entry into private premises, under a valid search warrant, requires that officers announce their identity and purpose and demand admittance, unless exigent and necessitous circumstances exist which will justify forced entry. *State v. Hartnell,* 15 Wn. App. 410, 550 P.2d 63 (1976); *State v. Dugger,* 12 Wn. App. 74, 528 P.2d 274 (1974); *State v. Lowrie,* 12 Wn. App. 155, 528 P.2d 1010 (1974); *State v. Johnson,* 12 Wn. App. 309, 529 P.2d 873 (1974); *State v. Harris, supra.* In Washington, a violation of the rule, unless excused by exigent circumstances, requires that any evidence thereby obtained be suppressed. *State v. Johnson,* 11 Wn. App. 311, 522 P.2d 1179 (1974); *State v. Hatcher,* 3 Wn. App. 441, 475 P.2d 802 (1970). In a case similar to the one at bar, *State v. Lowrie, supra* at 157, the court made the following observation:

> The purpose of the general rule is to insure that an individual's right to privacy within his home will not be arbitrarily violated. *An individual should be given an*

*opportunity to be apprised of an officer's authority, of his purpose, and be permitted a reasonable opportunity to voluntarily admit the officer into his home.* An equally important purpose for the rule is to protect the officer himself. The unannounced breaking and entering of a private dwelling could easily lead an individual to believe his safety, and that of his family, was in peril, causing him to take violent defensive measures which he otherwise would not have taken had he known a warrant had been issued to search his home. This is particularly true when the officers are not in uniform.

(Italics ours.) When the evidence in support of a finding of exigent circumstances is in the form of oral testimony, as is often the case, we will defer to the trial judge's assessment of credibility. *State v. Wilson,* 9 Wn. App. 909, 515 P.2d 832 (1973). But a finding of exigent circumstances may not be sustained unless the evidence which the judge finds credible is constitutionally sufficient. *State v. Dugger, supra.*

Here, the officers had in their possession a valid search warrant for which probable cause existed for the seizure of heroin. They knocked, and as they identified themselves, kicked in the door. They did not give the occupants a reasonable opportunity to voluntarily admit them. *State v. Lowrie, supra.* The only evidence of exigent circumstances was, in addition to the perishable nature of the evidence, that the officers saw a person appear at the window and move quickly away. There is no evidence of unusual activity, noise, or conduct indicating any circumstances which would bring the facts of this case within the exception. The evidence is not constitutionally sufficient to support the trial judge's conclusion that exigent circumstances existed.

Reversed.