[No. 3236–1–III.   Division Three.   February 7, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK
EUGENE COYLE, *Appellant.*

*Robert H. Scott, Jr.,* and *Scott & Cordell,* for appellant.

*Michael R. Tabler, Prosecuting Attorney,* and *Judy McCauley, Deputy,* for respondent.

GREEN, C.J.—Defendant appeals his conviction for possession of a controlled substance, marijuana. He contends the trial court erred in refusing to suppress the marijuana because the officers who arrested him allegedly violated RCW 10.31.040, the knock and wait statute. We find no error.

Shortly before midnight on August 12, 1978, Officer Hiram Thomas of the East Wenatchee Police Department responded to a prowler call at the Eddy Mays Inn. While at the Inn, he noticed the odor of marijuana outside room 119 and observed three people leaving the room. Because he suspected that a party was taking place inside, he did not investigate at that time. He returned 20 minutes later with Sergeant Brooks, Deputy Culp, and Reserve Officer Collier. All of the men were in uniform.

Officer Collier went around to the back of the Inn where he could observe the windows of the rooms on that side of the hotel. This was a rocky and brushy area with an abrupt slope to the Columbia River. After obtaining the name of the person renting room 119, the three remaining officers proceeded to the door of that room. Again, the odor of marijuana was present. Sergeant Brooks placed his ear to the door and heard someone say, "I will be up in the lounge getting us a buy on another half a pound." As the person spoke, his voice became louder, and the Sergeant assumed that he was walking toward the door.

At the moment Sergeant Brooks raised his hand to knock, a man, later identified as Randy Tomlison, opened the door inward and started to step out before he noticed the three officers. Sergeant Brooks took him by the arm and handed him to Officer Thomas who was standing behind him. Mr. Tomlison did not resist, and neither he nor the officers said anything. Sergeant Brooks then turned back to the room. An entry hallway approximately 10 feet long blocked his view of a large portion of the bedroom

area. He could not see anyone. Sergeant Brooks took three or four steps into the room and observed the defendant near the head of the bed standing over an open suitcase filled with bags containing marijuana. The officer testified that no more than 30 seconds elapsed between the time he raised his hand to knock on the door and the time he first saw the defendant. Defendant was subsequently arrested and the marijuana confiscated.

Prior to trial, defendant moved to suppress the seized evidence on the ground the officers violated the knock and wait rule. The trial court ruled that the officers were relieved from complying with this rule because of (1) exigent circumstances; *i.e.*, an open window offered defendant an avenue of escape into an unlighted area and difficult terrain, and (2) the statements of Mr. Tomlison, overheard by the officers, waived any right of privacy of the defendant to be protected under the rule. It is contended the trial court erred in this ruling.

RCW 10.31.040 provides:

> To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance.

The restrictions on forcible entry are not inflexible, but are based on an evaluation of the reasonableness of the entry under the circumstances of the particular case. *State v. Edwards*, 20 Wn. App. 648, 651, 581 P.2d 154 (1978). Here, the participants agree that the police officers did not knock, announce their identity and purpose, and wait to be admitted. However, it is apparent that Mr. Tomlison knew of the officers' presence and their identity when he opened the door and observed them on his threshold, dressed in uniform. Likewise, he must have known their purpose because the odor of marijuana was present and he had just announced audibly that he was on his way to the lounge to get a buy on "another half a pound."

To demand strict compliance with RCW 10.31.040 in these circumstances would result in the performance of a useless act, which the law does not require. *See United States v. Lopez,* 475 F.2d 537 (7th Cir.), *cert. denied,* 414 U.S. 839, 38 L. Ed. 2d 74, 94 S. Ct. 89 (1973); *United States v. Nicholas,* 319 F.2d 697, 698 (2d Cir. 1963); *State v. Chrisman,* 24 Wn. App. 385, 390-91, 600 P.2d 1316 (1979); *State v. Campbell,* 15 Wn. App. 98, 101, 547 P.2d 295 (1976); *State v. Singleton,* 9 Wn. App. 399, 403, 512 P.2d 1119 (1973); *People v. Peterson,* 9 Cal. 3d 717, 511 P.2d 1187, 108 Cal. Rptr. 835 (1973); and 2 W. LaFave, *Search and Seizure* § 4.8(f), at 137 (1978). Accordingly, we hold that the officers here substantially complied with the knock and wait rule. *See State v. Hilliard,* 18 Wn. App. 614, 616, 570 P.2d 160 (1977); and *State v. Neff,* 10 Wn. App. 713, 519 P.2d 1328 (1974).

█ Having determined that the officers entered the hotel room lawfully, the defendant's arrest and the seizure of the marijuana that was in plain view was proper. In light of our holding, we need not discuss the grounds upon which the trial court made its determination, since it may be upheld on any ground on appeal.

Affirmed.

McINTURFF and ROE, JJ., concur.

Reconsideration denied April 11, 1980.

Review granted by Supreme Court June 6, 1980.