**UNITED STATES of America, Appellee,**

v.

**Roberto SALGADO, Appellant.**

**No. 507, Docket 29219.**

United States Court of Appeals Second Circuit.

Argued June 3, 1965.

Decided June 16, 1965.

Certiorari Denied Oct. 11, 1965.

See 86 S.Ct. 146.

R. Harcourt Dodds, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., on the brief, Charles A. Stillman, Asst. U. S. Atty., of counsel), for appellee.

Joseph I. Stone, New York City (Stone & Diller, New York City, on the brief), for appellant.

Before MOORE and ANDERSON, Circuit Judges, and WEINFELD, District Judge.

PER CURIAM:

Roberto Salgado was indicted and convicted on one count for receiving, concealing and facilitating the transportation and concealment of narcotics in violation of 21 U.S.C.A. §§ 173–174. Federal agents had been informed by a reliable informer, whose identity has been disclosed, that Salgado at that time had a quantity of heroin at his apartment which he was trying then to sell, failing which he would immediately "hit the street" with it. The location of the apartment and the location of the heroin in the apartment were given with great detail. After knocking on the apartment door and saying that they had business with Roberto, the agents were invited in by a woman who had answered the door.

She said Roberto was out and would be back shortly, and she offered the agents something to drink. They had cokes and played cards, never leaving the kitchen. In addition to the woman who had admitted them, also present were her daughter and a male visitor. Later, in the early morning, a person entered who fit the informer's description of Salgado. When asked who he was, he said he was Salgado, thus confirming their belief. The agents then identified themselves and arrested him. They asked for the heroin, and Salgado showed them where it was in the room in which the informer had said it would be found.

■■ The entry was not a "breaking open" of a door or window such as to require notice of authority and purpose. 18 U.S.C.A. § 3109; see Leahy v. United States, 272 F.2d 487 (9th Cir. 1959), cert. dismissed, 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459 (1961); cf. United States v. Price, 345 F.2d 256, 260 n. 7 (2d Cir. 1965). And, the evidence amply supports Judge Palmieri's finding that there was no trespass. The agents were invited in, which makes the entry legal. Cf. Roberts v. United States, 332 F.2d 892, 897 (8th Cir. 1964). Taking the time of the arrest as the reckoning point for probable cause to make the arrest, again, there is a sufficient basis for Judge Palmieri's finding of such probable cause. According to unchallenged testimony, the informant had proven absolutely reliable on forty-five or fifty prior occasions. Had his statement received no corroboration from the agents' observations inside the apartment, this record of past reliability alone would warrant accepting the information as credible. Surely such a record lays a firmer foundation for belief than the "totally innocuous" corroborating details sometimes cited as makeweights. See Jones v. United States, 362 U.S. 257, 269–270, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). It was quite reasonable for the agents to believe that Salgado was then committing a felony by concealing narcotics in the next room.

■ Even if Salgado's consent were for any reason not sufficient to sustain the eventual seizure of the narcotics, compare United States v. Bracer, 342 F.2d 522, 524–525 (2d Cir. 1965), with United States v. Como, 340 F.2d 891, 894 (2d Cir. 1965), the heroin was located well within the permissible field for a search incident to a lawful arrest. See United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Haas v. United States, 344 F.2d 56, 59–60 (8th Cir. 1965). Compare Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

Affirmed.