[No. 38893.    Department One.    May 4, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK RALPH SWEET, *Appellant.*\*

\*Reported in 426 P.2d 983.

*Robert L. Butler,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Herbert L. Onstad,* for respondent.

DENNEY, J.†—After trial to the court appellant Patrick Ralph Sweet was convicted on two counts of the crime of robbery. He appeals. All assignments of error relate to the ruling of the trial court in admitting testimony of the appellant's oral confessions given to two deputy sheriffs of King County.

A hearing was conducted by the trial court on the admission of the confessions pursuant to Rule of Pleading, Practice and Procedure 101.20W. Findings of fact and conclusions of law were entered that the confessions were given voluntarily, of the appellant's own free will without the use of force, threats or violence, that no promises or inducements of any kind were made and that no untruthful or misleading statements were made by the officers to appellant.

At 9:45 a.m., on December 5, 1965, appellant was taken from his cell in the King County jail to the office of a

---

†Judge Denny is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

deputy sheriff where he was interviewed until about noon by Deputy Sheriff Crider. Deputy Sheriff Booth, a friend of appellant for many years standing, was summoned. The conversation with Booth is covered hereafter. After talking to Booth, appellant gave the confession to Deputy Sheriff Crider relative to the robbery of a Safeway store (count 2) and later gave the confession to Deputy Sheriff Leaf regarding the robbery of Cushing's Market (count 1).

Appellant does not contend that he was not fully informed of his rights. Both he and the officers testified that at the beginning of the interview appellant was informed that any statement he made could be used against him, and that he had a right to an attorney.

Appellant testifed that the officers promised that no charge would be filed against him if he cooperated and that if he failed to cooperate it could very well go against him with the Board of Prison Terms and Paroles. Appellant further testified that he was led to believe that his confession would not mean anything; that his parole was to be violated; that the Board of Prison Terms and Paroles would be informed of his cooperative attitude and thus he might receive more lenient treatment at its hands. Appellant further testified that the confessions were not true and were made solely to help him secure a favorable report by the interrogating officers to the prosecuting attorney and to the Board of Prison Terms and Paroles. Appellant refused to sign written statements which had been prepared by the officers.

The officers denied that any promises were made that appellant would not be charged and that the only action against him would be a parole violation, and denied that any inducements or promises of any kind were made although the officers conceded that they talked of appellant's parole status.

The trial court's findings of fact made pursuant to Rule of Pleading, Practice and Procedure 101.20W do not review the testimony in detail, nor mention all the officers who participated in the interviews with appellant. The find-

ings of fact, conclusions of law and order on admission of the confessions were not entered until after the conclusion of the case. While the findings of fact are rather brief and set out little more than conclusions, we are able to review the trial court's ruling and draw our own conclusion because the testimony at such hearing has been transcribed and is before us for review. Under the circumstances, any shortcomings in such findings of fact did not result in any violation of appellant's constitutional rights. *State v. Jones,* 65 Wn.2d 449, 397 P.2d 815 (1964).

■ While the trial court regarded appellant's oral statements as admissions rather than confessions, we do not find this controlling for we have said we are not concerned with hairline distinctions between admissions and confessions. *State v. Jones, supra.* The important thing is that a hearing was held and the record is before us. We must consider whether the statements were made voluntarily or were induced by threats or promises. *Malloy v. Hogan,* 378 U.S. 1, 12 L. Ed. 2d 653, 84 Sup. Ct. 1489 (1964).

■ We have carefully reviewed the testimony of the appellant and the officers to determine whether the tests set out in *State v. Hoffman,* 64 Wn.2d 445, 451, 392 P.2d 237 (1964), have been met. In that case we said:

> We pause here to point out that, although we will and do attach significant weight to findings of fact upon disputed issues arising under Rule 101.20W, *supra,* we connot blindly and conclusively accept such as indisputably establishing the pertinent facts. It is our duty and obligation, where basic constitutional rights are involved, to carefully review the record brought before us and determine therefrom whether the bounds of due process requirements have been exceeded. *Haynes v. Washington,* [373 U. S. 503, 10 L. Ed. 2d 513, 83 Sup. Ct. 1336 (1963)] *supra; State v. Rutherford,* 63 Wn. (2d) 949, 389 P. (2d) 895. We are mindful, in this respect, that it is not our function to reevaluate the credibility of the witnesses testifying. *State v. Reed,* [56 Wn.2d 668, 354 P.2d 935 (1960)] *supra.* Our prime concern is that it be convincingly evident from the record that constitutional privileges have not been abused. Strained findings of fact,

predicated upon translucent or sophisticated evidence, cannot stand.

The findings of the trial court are supported by the evidence. He was justified in regarding appellant's testimony as unreliable. There is no suggestion of physical threat or abuse. Deputy Sheriff Booth testified that appellant asked for advice as to what he should do. Mr. Booth replied that he urged appellant to cooperate; that the officers would treat him fairly; and that "we would communicate whatever degree of cooperation he showed to the prosecuting officials."

█ Appellant was no stranger to courts and law enforcement officials. He had on previous occasions many contacts with the deputy sheriffs and had, from time to time, given information to them. He had been convicted of one felony and had been on parole for only 6 weeks at the time of his interview with the officers. Appellant asked for advice and he received it. The statement that the prosecuting officials would be told of his cooperation was a simple statement of fact. We will not construe this as an inducement which would justify a conclusion that the confessions were involuntary, particularly as to one with 8 year's experience with peace officers and law enforcement.

Appellant cites the cases of *People v. Quinn*, 61 Cal. 2d 551, 393 P.2d 705 (1964), and *Lynumn v. Illinois*, 372 U.S. 528, 9 L. Ed. 2d 922, 83 Sup. Ct. 917 (1963). In the first case the Supreme Court of California held that a confession made to a probation officer was not admissible when made under a threat that probation would not be recommended unless defendant told the truth. In the second case, a confession was obtained by a threat to remove the defendant's children from her custody and cut off her welfare allowance if she did not confess. Here no threat of any kind was made.

This case is somewhat similar to that of *State v. Streeter*, 67 Wn.2d 39, 44, 406 P.2d 590 (1965), wherein we said:

Under the officer's version, he advised the defendant, in essence, that it was not his prerogative to file charges but that it was his duty to turn any statement made by the

defendant over to the prosecuting attorney. In short, he told the defendant the truth. Against this background, the defendant gave the written confession in question. Applying the "free and voluntary" test of the *Malloy* case, [378 U.S. 1, 12 L. Ed. 2d 653, 84 Sup. Ct. 1489 (1964)] *supra*, to the circumstances here revealed, we are satisfied that the officer's statements to the defendant did not amount to a direct or indirect promise of whole or partial immunity. It cannot, therefore, be realistically stated that the confession was the product of such inducement.

■ The ultimate test is whether or not the confessions were freely and voluntarily made with appellant fully understanding his rights. We are convinced the confessions were free and voluntary. *State v. Nesrallah*, 66 Wn.2d 248, 401 P.2d 968 (1965); *State v. Jones, supra; State v. Hoffman, supra; State v. Collins*, 69 Wn.2d 627, 419 P.2d 590 (1966).

The judgment of the trial court is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.

_____

July 28, 1967. Petition for rehearing denied.