[No. 40090. Department One. June 5, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIE YOUNG, *Appellant*.*

*Alan L. Froelich*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Herbert L. Onstad*, for respondent.

WEAVER, J.—Defendant appeals from a judgment and sentence entered after a jury found him guilty of violating the Uniform Narcotic Drug Act.

The sole question presented is whether the trial court erred when it denied defendant's motion to suppress certain evidence upon the grounds that a search warrant was illegally *executed*. The *validity* of the search warrant is not questioned.

Defendant contends that the method of executing the search pursuant to the warrant violated the following: U.S. Const. amend. 4:

The right of the people to be secure in their persons,

*Reported in 455 P.2d 595.

houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . .

Const. art. 1, § 7:

Invasion of Private Affairs or Home Prohibited. No person shall be disturbed in his private affairs, or his home invaded, without authority of law.

and RCW 10.31.040:

To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance. [See 18 U.S.C. § 3109.]

We have carefully reviewed the facts in the record before us and applied the constitutional, statutory, and decisional law to them. We conclude, for the reasons hereafter set forth, (a) that the trial court did not err when it denied defendant's motion; and (b) that the judgment must be affirmed.

Defendant was well known to the narcotic division of the police department. He had two prior convictions for narcotic violations. Defendant and his house were under surveillance. Police knowledge was sufficient to justify the issuance of a warrant to search defendant's premises.

Armed with the warrant, about 10 city police officers and agents of the Federal Bureau of Narcotics converged on defendant's house. One group of officers went to the front door, the other to the rear door. One of the officers at the rear knocked and called out, "Police" loudly enough to be heard by the officers at the front door. This announcement was followed by screaming, yelling, and the sound of the occupants scurrying and running throughout the house. Within seconds of announcing themselves, officers broke through both the front and rear doors simultaneously. Upon entry, the officers observed defendant and certain occupants of the house running. One witness testified, "Well, when they [the police] came through the door, all I remember is everybody ended up in the bathroom."

This race for the bathroom ended with the police seizing

several small rubber balloons containing heroin. One was found on the floor; another in the bathtub; others were retrieved from the commode just as they were about to be flushed away. They were introduced into evidence.

Defendant contends this evidence was inadmissible because entry was gained illegally. Although the police officers identified themselves, they did not state their purpose and were not refused admittance before making a forcible entry.

It would unduly extend this opinion and serve no useful purpose to discuss the historical background and development of the doctrine, "A man's home is his castle"—as embodied in the federal and state constitutional and statutory provisions quoted *supra*. *See Miller v. United States*, 357 U.S. 301, 2 L. Ed. 2d 1332, 78 S. Ct. 1190 (1958).

In *Ker v. California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963), the Supreme Court raised to constitutional status the requirement that forcible entry must be preceded by an announcement of identity and purpose on the part of the officers. The court did not, however, draft a set of rules comprehensive of Fourth Amendment problems, but rather left the states to administer a "standard of reasonableness." As stated at 374 U.S. 33:

> We reiterate that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the "fundamental criteria" laid down by the Fourth Amendment and in opinions of this Court applying that Amendment. Findings of reasonableness, of course, are respected only insofar as consistent with federal constitutional guarantees.

As we interpret the decision, the states are left to develop their own rules to meet the practical demands of local law enforcement. The rules must, of course, meet constitutional guarantees. The court held a forcible entry without prior announcement to make an arrest, which was based upon probable cause, followed by a search, was justified by exigent circumstances. In *Ker*, the officers had cause to believe there was a reasonable possibility that evidence

which was subject to lawful seizure might be destroyed. 374 U.S. at 39.

It is manifest that the constitutions and statutes require that entry to make an arrest or search must be lawful. In most cases, lawful entry is conditioned upon announcement of identity and purpose, and a demand for admittance. On the other hand, however, the conditions cannot be rigid and inflexible or they become an empty formality. The conditions are part of a criteria of reasonableness and subject to certain exceptions generally recognized.

In *Ker,* 374 U.S. at 47, Mr. Justice Brennan recognized it to be an exception

> where those within, made aware of the presence of someone outside (because, for example, there has been a knock at the door), are then engaged in activity which justifies the officers in the belief that an escape or the destruction of evidence is being attempted.

It is apparent that the conditions necessary for the valid execution of a search warrant for stolen furniture or television sets might well vary from those conditions held sufficient to execute a search warrant for narcotics or other property subject to immediate destruction.

Existence of a condition justifying a possible exception to the rule cannot be based upon an ambiguous act for it does not transform vague suspicion into probable cause. If a knock on the door of a residence by a policeman with a search warrant for stolen furniture is followed by sounds of the occupants rushing around, that activity is ambiguous. On the other hand, however, if the warrant is to search for narcotics, and a knock on the door is followed by sounds of the occupants rushing and scurrying, the action is not ambiguous, for a knock on the door of a residence is not usually followed by the residents rushing to the bathroom as in the instant case. Toilets have been used so frequently to dispose of narcotics that police officers who are at the door of a place where they have reason to believe that narcotics are present, act reasonably in forcing their way in when the noise within leads them to believe that the evidence they seek is about to be destroyed.

In the instant case probable cause for the search existed; the officers were armed with a valid search warrant. Illegal narcotics were the articles sought and the place to be searched was the residence of a well known suspect.

The rationale of State v. Smith, 37 N.J. 481, 181 A.2d 761 (1962), is dispositive of the issue before us. In Smith the officers broke in after having received information of the use of narcotics and observing the offense through a crack in the door. The evidence seized was held to be admissible. The court said:

> We must identify precisely what is involved. We are not dealing with the sufficiency of the basis for a search. Probable cause existed. The right to invade the privacy of the occupant was clear. And it is of no moment that a search warrant had not issued; the problem would be the same if the magistrate's warrant were in hand. The State was entitled to seize the contraband. The nature of the contraband was such that if the officers' mission had first been announced, the articles likely would have literally gone down the drain. . . .
>
> The question then is whether the Fourth Amendment intended to nullify the State's clear right to search by imposing a condition which would defeat it. If the State's right to the contraband is to be denied, it must be because of the evident danger and rudeness of a sudden entry. But the danger and the rudeness are not the gratuitous product of official insolence or indifference; they are the consequences of the criminal enterprise, made inescapable by its nature. Moreover, in striking a balance between the right of the State and the rights of the individual, the need to protect the innocent is not a conspicuous factor; for, as we have said, the hypothesis includes the existence of probable cause and indeed a reasonable basis to believe a criminal event is in progress. Hence, to require that admittance be demanded and the mission revealed before entry into the premises would, overall, benefit the guilty alone. It seems to us that the Fourth Amendment does not transmute a "reasonable" search into an "unreasonable" one merely because the officer discharged his duty to arrest and search in a manner which fairly appeared necessary for the successful enforcement of the State's right. At any rate, in these circumstances the exclusion of the evidence would not be

an appropriate sanction in the light of the probable rationale of the exclusionary rule.

California follows a similar rule. *See People v. Maddox,* 46 Cal. 2d 301, 294 P.2d 6, *cert. denied,* 352 U.S. 858, 1 L. Ed. 2d 65, 77 S. Ct. 81 (1956).

To require strict compliance with a "knock and wait" rule in the execution of search warrants, no matter what the circumstances, would hamper the orderly enforcement of criminal law.

Accordingly, we hold that when officers come armed with a valid search warrant, forcible entry without announcement of identity and purpose and a demand for admittance *may* be justified when exigent and necessitous circumstances exist, as in the instant case. Were this not the rule, the evidence would have been destroyed and the search frustrated.

The judgment is affirmed.

FINLEY, ROSELLINI, and HALE, JJ., and STAFFORD, J. Pro Tem., concur.

---

July 10, 1969. Petition for rehearing denied.