[No. 281-2. Division Two. July 29, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. CLARK MORRISON PORTER, *Appellant.*

Witt, Hutchins, Plumb & Wheeler, Schuyler J. Witt, and Edwin J. Wheeler, for appellant (appointed counsel for appeal).

Ronald L. Hendry, Prosecuting Attorney, and J. D. Mladinov, Special Counsel, for respondent.

PETRIE, C.J.—Defendant appeals from convictions of unlawful possession of LSD and marijuana.

The arrests in this case were brought about through the voluntary cooperation of Mrs. Janice Hayworth, who is to be commended for her assistance. While her husband was in Vietnam, she had agreed to allow a Mrs. Nucatola, codefendant at trial, to move into her apartment in order that they might share expenses. Shortly thereafter the activities of Mrs. Nucatola led Mrs. Hayworth to suspect that she was involved in the unlawful traffic of drugs. Mrs. Hayworth then contacted the Pierce County Sheriff's Office, informed them of her suspicions, and indicated that on April 17, 1970 at 8 p.m., a delivery of drugs would be made to the apartment.

With this information, Detective Archer of the sheriff's office obtained a search warrant. The state later conceded that this warrant was defective in that it had been obtained with Detective Archer's affidavit which contained hearsay information. However, the officers proceeded to the Hayworth apartment at the appointed time unaware of the search warrant's defective character. While en route, they received further information from Mrs. Hayworth that there would be a delay in the delivery of drugs and that the prearranged signal of the delivery had been changed—

Mrs. Hayworth would flick on a rear light instead of a front light.

At approximately 11 p.m., a sports car arrived outside the apartments and the driver entered the building. Shortly thereafter the police noticed the rear light of the apartment blink; they immediately approached the apartment. As they were just outside the officers heard a man say something about "one hundred capsules" and a woman say that she was only able to raise $170. When the police were immediately outside the apartment door it was opened by Mrs. Hayworth and the officers entered. They had neither knocked nor indicated their presence, and Mrs. Hayworth had not verbally invited them in.

Once inside they saw a number of capsules on the couch between the appellant and Mrs. Nucatola. They indicated they had a search warrant and then read the Miranda warnings to the suspects. A man's jacket was close by and was searched—one lid of marijuana was found therein. The appellant, when asked, admitted ownership of the jacket.

The appellant was charged with the unlawful possession of LSD and marijuana. At a hearing on defendant's motion to suppress the evidence seized, the court ruled that the police had probable cause to believe a felony was being committed prior to entering the apartment and therefore, held the evidence seized was admissible. Neither the discovery of the jacket nor any question of its ownership was raised at this hearing. At trial the appellant presented no evidence, opting to stand on his motion to dismiss for insufficiency of the evidence and other legal questions raised. His motion was denied—the jury found him guilty as charged.

The first question deals with the constitutionality of the search and seizure. The state has apparently conceded that the search warrant was defective. In upholding the legality of the search and seizure, however, the court ruled that the police officers had probable cause to believe a felony was being committed and therefore acted lawfully in entering the apartment. We agree. The facts herein most

certainly gave rise to probable cause: the officers had been informed of the potential delivery, the prearranged signal indicating arrival of the drugs had been given, and the inculpatory statements of the persons inside had been heard by the officers outside the apartment. In these circumstances the officers had probable cause to believe a felony was being committed in the apartment, and therefore, could lawfully enter the apartment to effectuate the arrest. *See State v. Young,* 76 Wn.2d 212, 455 P.2d 595 (1969), and the case cited therein, *State v. Smith,* 37 N.J. 481, 181 A.2d 761 (1962).

In addition, we believe the facts support the state's contention that the search was invited by Mrs. Hayworth. When two persons have equal right to the use or occupancy of the premises, either one can authorize a search and the evidence thus seized can be properly admitted into evidence against either or both persons. *State v. Bellows,* 72 Wn.2d 264, 432 P.2d 654 (1967). As the officers were lawfully in the apartment, they had a right to seize the suspected LSD capsules which were in plain view. *See Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968); *State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969). We hold that the court properly admitted the LSD capsules.

This ruling quite obviously disposes of appellant's contention that the police illegally seized the marijuana. However, there remains a serious question as to whether or not the court erred in allowing the prosecution to elicit testimony concerning the appellant's admission of ownership of the jacket in which the marijuana was found. Because the prosecution had apparently not intended to introduce this evidence at trial, no CrR 101.20W hearing had been held. However, the subject was raised at trial by counsel for codefendant, Mrs. Nucatola, on cross-examination of Detective Archer. Appellant's counsel then objected; the jury was excused and the court then allowed voir dire examination of Detective Archer on the circumstances surrounding the admission made by the appellant at the time

of his arrest. Detective Archer testified that the Miranda warnings had been read to appellant, that appellant appeared to understand them, that he normally asked a suspect if he understood his rights, and that appellant thereafter admitted ownership of the jacket in which the marijuana was found. The jury returned and on redirect examination the prosecution fully elicited testimony of appellant's admission; appellant was granted a continuing objection which was based on a failure of proof that appellant understood his rights and knowingly waived them.

 Whether appellant's statement is regarded as an admission or a confession, its admissibility depended on a judicial determination that appellant made it voluntarily with a full understanding of his rights. *State v. Sweet,* 71 Wn.2d 172, 426 P.2d 983 (1967). Such a determination is normally made at a hearing pursuant to CrR 101.20W, and subsequently, findings of fact and conclusions of law which are mandatory are entered. *See State v. Taplin,* 66 Wn.2d 687, 404 P.2d 469 (1965). However, when the question arose at trial, none of the parties requested the court to conduct a CrR 101.20W hearing and enter findings of fact and conclusions of law on this point. Given the present state of the record we cannot determine whether or not the trial court has positively determined that the appellant's statement was voluntarily made with a full understanding of his rights. We are, therefore, constrained to remand this case to the trial court for a hearing pursuant to CrR 101.20W to determine whether or not the admission was voluntarily made. *See State v. Taplin, supra.* If the court determines that the admission was voluntarily made, the verdict of the jury on the marijuana charge must stand; if involuntary, the appellant must be granted a new trial on the charge of unlawful possession of marijuana. In any event the conviction on the LSD count is affirmed.

Affirmed in part, remanded in part.

PEARSON and ARMSTRONG, JJ., concur.