[No. 4171–II.   Division Two.   September 23, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES W. JETER, *Appellant*.

*Gordon L. Godfrey,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

PETRICH, J.—James W. Jeter has appealed his conviction for possession of a controlled substance in violation of RCW 69.50.401(a)(1)(i) and the finding that he is a habitual criminal. We hold that defendant's residence was

searched in violation of the "knock and wait" rule and reverse.

On the night of August 9, 1976, Aberdeen police officers arrested one Ed Holloway for being in physical control of a vehicle while intoxicated. While being questioned at the police station, Holloway stated that he would trade information on local drug dealers in exchange for a promise not to prosecute him. Holloway appeared to be intoxicated, had evidence of heroin tracks on his arms but was coherent and had no prior felony record. In response to questioning by Detective McCluskey, Holloway stated that he was on his way to buy heroin from defendant at the time of his arrest. Holloway stated that defendant kept heroin in his house, and that he had given defendant a revolver. The evidence is in dispute whether Holloway told police that defendant kept the weapon in his car or by his bedside. Defendant was known to Detective McCluskey as a heroin user and had been convicted in 1974 for possession of heroin. Earlier in 1976 Detective McCluskey had arrested defendant for parole violation and had noticed evidence of heroin use at that time.

Following the conversation with Holloway, Detective McCluskey signed an affidavit used to obtain a warrant to search defendant's residence. The warrant was executed at approximately 4:30 on the morning of August 10. According to the terms of the warrant, police did not announce their presence but entered without knocking by use of a pass key.[1] Prior to their entry, the house was dark, and no sounds were audible. Defendant was found in bed by police and appeared to be asleep. Upon being awakened by police, he appeared to be under the influence of heroin. A search of the residence resulted in the seizure of a syringe kit, spoons and heroin balloons, but no weapons. The syringe kit later

---

[1]Like the trial court, we place no significance on the "no knock" authorization in the warrant. We think such a provision is superfluous and that justification of the unannounced entry must be based on the specific facts known to the police officers executing the warrant.

revealed traces of heroin. Defendant was charged and eventually convicted of possession of a controlled substance. Following defendant's arrest, charges against Holloway were dismissed.

■■ Defendant has raised numerous issues on appeal, the primary issue being whether exigent circumstances were present to justify the "no knock" entry by police. In order to justify the search of premises without police first announcing their presence, the State must demonstrate the existence of exigent circumstances. *E.g., State v. Coyle,* 95 Wn.2d 1, 621 P.2d 1256 (1980). Exigent circumstances include a genuine concern for police safety and a belief that contraband will be destroyed, as was asserted in the present case. However, such exigent circumstances must be based upon specific facts learned prior to execution of the warrant or observed at the scene, in contrast to a generalized speculation by law enforcement officers that their safety may be endangered or contraband destroyed. *State v. Young,* 76 Wn.2d 212, 455 P.2d 595 (1969). *Accord, State v. Coyle, supra; State v. Harris,* 12 Wn. App. 481, 530 P.2d 646 (1975).

In the present case the trial court's finding of exigent circumstances was based upon a belief that defendant could destroy the contraband and a concern for police safety based upon Holloway's information that defendant kept a weapon. Neither provides a sufficient factual basis to rise to the level of exigent circumstances. A belief that contraband will be destroyed must be based upon sounds or activities observed at the scene or specific prior knowledge that a particular suspect has a propensity to destroy contraband. *State v. Harris, supra* at 491; *State v. Wilson,* 9 Wn. App. 909, 914, 515 P.2d 832 (1973); *State v. Singleton,* 9 Wn. App. 399, 512 P.2d 1119 (1973). No blanket exception exists for narcotics cases, in spite of the relative ease of disposal of drugs. *State v. Hatcher,* 3 Wn. App. 441, 475 P.2d 802 (1970). In the present case, police observed no such activities at the scene and had no specific information on defendant's likelihood to destroy contraband.

Likewise, a concern for police safety must be based upon prior knowledge or direct observation that the subject of the search keeps weapons *and* that such person has a known propensity to use them. *State v. Dugger,* 12 Wn. App. 74, 83, 528 P.2d 274 (1974); *State v. Johnson,* 11 Wn. App. 311, 522 P.2d 1179 (1974). *Accord, State v. Carson,* 21 Wn. App. 318, 322, 584 P.2d 990 (1978). Although the belief that defendant kept weapons is supported by police testimony at the omnibus hearing that Holloway told them defendant kept a gun by his bed,[2] police had no prior information that defendant had a known propensity to use the gun in resistance other than a general belief that a convicted felon may have such a propensity. Defendant, however, had no prior convictions for acts of violence or violence against law enforcement officers in particular.[3]

We hold that the State did not present sufficient evidence of exigent circumstances to justify the no knock entry of police. Accordingly, the contraband and other objects seized pursuant to the search of defendant's residence must be suppressed, requiring reversal of defendant's conviction.

Defendant has raised numerous other assignments of error. In view of our reversal on other grounds, we need not address them.

Defendant's conviction is reversed and the finding that he is a habitual criminal vacated.

PETRIE, J., concurs.

REED, C.J. (dissenting)—I am unable to concur. I believe the majority places a far too restrictive reading on *State v. Dugger,* 12 Wn. App. 74, 83, 528 P.2d 274 (1974). In place

[2]At the omnibus hearing, police officers testified that Holloway told them that defendant kept a gun at his bedside. Holloway denied this statement and said that he told police that defendant kept the weapon in his car. The trial court did not enter a finding of fact to resolve this disputed factual question.

[3]Defendant's two prior felony convictions were for forgery and possession of a controlled substance.

of *Dugger's* "credible evidence, such as knowledge that the occupants might possess weapons and be predisposed to respond violently," the majority substitutes "known propensity to use" the weapon. In my view this asks too much of the officer and could, in some instances, subject him to the "palpable peril" alluded to in *State v. Wilson,* 9 Wn. App. 909, 916, 515 P.2d 832 (1973); *see also United States v. McShane,* 462 F.2d 5 (9th Cir. 1972); *United States v. Smith,* 456 F.2d 1236 (9th Cir. 1972); *Gilbert v. United States,* 366 F.2d 923, 932 (9th Cir. 1966).

Also, it must be noted the *Dugger* court found *no evidence* to support a finding of exigent and necessitous circumstances. At the same time it was abiding by the rule that deference must be given to the trial judge's finding in this regard. Such a determination by the trial court will not be overturned when it is based on substantial evidence meeting constitutional standards that the officers entertained a good faith and reasonable concern for their safety. *State v. Young,* 76 Wn.2d 212, 455 P.2d 595 (1969); *State v. Carson,* 21 Wn. App. 318, 584 P.2d 990 (1978), and *State v. Wilson, supra.*

In defendant Jeter's case I would defer to the Superior Court's finding that the officers had a good faith concern for their safety and were justified in not observing the knock and announce statute. There is substantial support for such a finding in that the officers knew or had a reasonable belief that: Jeter was a twice–convicted felon; was a heroin user; presently possessed heroin—a felony and violation of his parole status; was subject to a life sentence as a habitual criminal if convicted of a new felony; might presently be under the influence of heroin; and most importantly, kept near at hand a .357 magnum, a weapon not normally used for sport. This case is, therefore, not unlike *People v. Hammond,* 54 Cal. 2d 846, 357 P.2d 289, 9 Cal. Rptr. 233 (1960), where the court states at page 854:

> At the time of their entry the officers had reasonable cause to believe that the defendant actually was engaged in the commission of a felony, i.e., the unlawful posses-

sion of narcotics [heroin]; that he had a gun; and that he was under the influence of heroin. . . . [T]hey were entitled to conclude that if they informed the defendant of their presence and demanded admission before breaking into the premises, he might attempt to dispose of the narcotics then in his possession, or might attempt to obtain and use his gun.

In the context of a protective search of premises for a possible armed accomplice, the test has been stated as follows:

[T]he Fourth Amendment, at the minimum, requires that the officers have reasonable cause to believe that, in carrying out their duty to arrest, their safety would be endangered, *i.e.*, the question is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."

*State v. Johnson,* 11 Wn. App. 311, 314, 522 P.2d 1179 (1974), quoting from *State v. Toliver,* 5 Wn. App. 321, 487 P.2d 264 (1971).

I submit the question therefore ought to be whether a reasonably prudent officer in the circumstances would be warranted in the belief that his safety would be imperiled if he is forced to comply with the knock and announce statute. Bearing in mind an occupant's Fourth Amendment rights, the trial court's resolution of the issue should prevail, if supported by substantial evidence.

Finally, the issue of whether the magistrate's inclusion of a "no knock" authorization in the warrant is of any significance was not briefed. This is an issue on which the authorities and courts differ. *See generally* 2 W. LaFave, *Search and Seizure* § 4.8(g) (1978). Therefore, it should not be addressed gratuitously.

Defendant's other assignments of error being without merit, I would affirm the trial court in all respects.

Reconsideration denied October 28, 1981.

Review denied by Supreme Court January 22, 1982.