[No. 14389-1-I.   Division One.   April 24, 1985.]

THE STATE OF WASHINGTON, *Appellant,* v. SCOTT E. LEHMAN, ET AL, *Respondents.*

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for appellant.

*Lorne M. Grier,* for respondents.

SCHOLFIELD, J.—The State appeals an order of the Snohomish County Superior Court suppressing evidence seized during a search of the residence of Scott and Brenda Lehman pursuant to a warrant. The trial court's order was based upon the conclusion that in executing the warrant, the officers violated the "knock and announce" rule established under U.S. Const. amend. 4 and Const. art. 1, § 7 and codified in RCW 10.31.040.[1] We reverse.

On April 21, 1983, at approximately 8:15 p.m., Deputy Sheriffs Frantzen and Whetstine, wearing civilian clothes and bearing a valid search warrant, parked an unmarked van in the driveway of the Lehman residence and went directly to the front door and knocked. Mrs. Lehman opened the door approximately 12 inches. The officers identified themselves as police officers, displayed their badges, and advised her they had a warrant to search the house. While speaking to Mrs. Lehman, one of the officers

---

[1]RCW 10.31.040 provides:

"To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance."

saw through the open door two men sitting in the living room. Without waiting for her to grant or deny permission to enter, the officers entered the house and conducted a search, which produced a substantial quantity of marijuana. Following a hearing pursuant to CrR 3.6, the trial court concluded the knock and announce rule had been violated because the officers did not expressly seek permission to enter and were neither granted nor denied permission to enter the house.

The State contends that the purposes of the statute were fulfilled here: the danger of violence was reduced because the occupants were aware of the police officers' identity and purpose, and the entry through an open door did not involve the sort of invasion of privacy occasioned by a forcible entry. The State further contends that, under these circumstances, requiring the police to wait for a grant or denial of permission to enter would have accomplished nothing.

The Lehmans contend that the failure of the officers to wait long enough to permit the occupants a reasonable opportunity to grant or deny admission violated the knock and announce statute. They rely upon *State v. Coyle,* 95 Wn.2d 1, 621 P.2d 1256 (1980) and, particularly, the statement at page 6:

> To comply with the statute, the police must, prior to a nonconsensual entry, announce their identity, demand admittance, announce the purpose of their demand, and be explicitly or implicitly denied admittance.

The Lehmans also argue that, since the statements of the police officers made prior to entry were made only to Mrs. Lehman at the front door, there is no evidence the identity and purpose of the police were made known to other occupants of the house, as required by *State v. Coyle, supra.*

In *Coyle,* the officers, who suspected possession and use of marijuana in a motel room, were standing at the door intending to knock, when they overheard one of the occupants, Tomlinson, say aloud that he was going to the lounge to buy "another half a pound.'" *Coyle,* at 4. Then Tomlin-

son opened the door, and the officers quietly pulled him out of the room. There was no commotion, and nothing was said. The motel room was L-shaped and Coyle was around the corner and out of sight at the time the officers entered the room without making an announcement of any kind. They arrested Coyle and Tomlinson, seizing marijuana as evidence.

The *Coyle* court stated the purposes of the statute at page 5, as follows:

> The purposes of a knock and wait statute are: (1) reduction of potential violence to both occupants and police arising from an unannounced entry, (2) prevention of unnecessary property damage, and (3) protection of an occupant's right to privacy.

The court held the manner of entry by the officers without announcing their identity or purpose violated the purposes of the statute because Coyle's surprise at being suddenly confronted by the officers could easily have triggered violence and property damage. In regard to the right of privacy, the court said:

> The entry in this case is also inconsistent with the statutory purpose of affording substantial protection to an occupant's right of privacy. There was simply no need for the police to enter without announcement in this case. Absent such need, the right of privacy protected by the statute was impermissibly infringed.

*Coyle,* at 12–13.

The *Coyle* opinion acknowledges that there are reasonable exceptions to strict compliance with the knock and wait statute, quoting 2 W. LaFave, *Search and Seizure* § 4.8(f), at 137 (1978):

> Compliance is a "useless gesture," and is therefore not necessary, "when it is evident from the circumstances that the authority and purpose of the police [are] already known to those within the premises."

*Coyle,* at 11.

The court goes on to distinguish two "useless gesture" cases: one, where the *defendant* opened the door to police and therefore was presumably aware of their presence and

purpose before their entry, and another case where the wife of the defendant opened the door, threw herself at the officers and screamed "police". The court distinguished *Coyle* from these "useless gesture" cases because in *Coyle* the police were not deprived of the opportunity to make an announcement nor was the defendant informed of their presence by the person who opened the door.

The decision in *Coyle* does not dictate the conclusion the police acted illegally here. The Supreme Court, in fact, characterized its decision as a narrow holding, limited to the facts of that case. *Coyle,* at 13. In *Coyle* there was *no* announcement by the police; nothing, in fact, alerted Coyle to the presence of the police. Here, in contrast, the police knocked and, when Mrs. Lehman opened the door, they announced their identity and purpose.

The facts in *State v. Sainz,* 23 Wn. App. 532, 596 P.2d 1090 (1979) are very similar to those in this case. Two officers in plain clothes went to a house, knocked on the door and announced their purpose. When a guest opened the door, an officer showing his badge pushed the door open and, brushing the occupant aside, entered the house. Sainz alleged this violated the knock and announce statute because the occupant was given no opportunity to grant or deny entry. Relying upon *State v. Haggarty,* 20 Wn. App. 335, 579 P.2d 1031 (1978), the court rejected Sainz' argument and found compliance with the statute.

From the facts of this case, we find sufficient compliance to satisfy the purposes of the knock and announce statute. A statement by police officers identifying themselves and advising that they possess a search warrant is implicitly a demand for admission into the house. To wait for a grant or denial of admission when the occupant has opened the door would serve no purpose. At that point, the police can legally enter the premises whether permission to enter is granted or denied. The officers complied with the rule's requirements by giving notice of their authority and purpose to the person in apparent control of the premises. 2 W. LaFave, *Search and Seizure* § 4.8(c), at 129 (1978). The

fact that other occupants *might* have been unaware of their identity and purpose did not vitiate this compliance.[2] There was, thus, no unannounced entry here, and the danger of violence or property damage was precluded; moreover, protection of the right of privacy in the context of the knock and announce rule required no more than the reasonable warning given by the police when they identified themselves and announced their purpose. *Coyle,* at 12.

The trial court erred in suppressing the fruits of the search. The order of suppression is reversed and the case is remanded to superior court for further proceedings.

CORBETT, C.J., and WILLIAMS, J., concur.

Review denied by Supreme Court August 23, 1985.

---

[2]The trial judge did not enter a finding of fact regarding whether the other occupants were aware of the officers' identity and purpose. The only evidence in the record on this point is a reference to testimony by one of the occupants that he thought the police were robbers when they burst into the room.