[No. 7432-3-III.   Division Three.   December 11, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. NEIL EUGENE STURGEON, *Appellant.*

*Chelsea C. Korte* and *Cone, Fraser, Gilreath & Korte,* for appellant.

*Joseph G. Panattoni, Prosecuting Attorney,* for respondent.

McINTURFF, A.C.J.—Neil Sturgeon appeals his convictions for possession of marijuana and possession of cocaine. We reverse because the police obtained the evidence leading to Mr. Sturgeon's convictions in violation of RCW 10.31.040, the knock and wait rule.

Mr. Sturgeon was a student at Central Washington University and resided in a 2–bedroom university–owned apartment with Larry Varin. At about 2 p.m. on March 22, 1985, he, Mr. Varin and a female guest were seated in the living room of the apartment when they heard a knock at the door. Without getting up, Mr. Sturgeon responded, "Yeah", and three men opened the door and walked into the apartment. After entering, they identified themselves as police officers and placed Mr. Varin under arrest. Mr. Sturgeon testified that when he said "Yeah" in response to the knock, he did not intend for the person at the door to enter, but, rather, he intended, "Yeah, who is it" or "What do you want?" All the officers testified that they understood from the way it was spoken that "Yeah" meant "Come in".

Pursuant to a search warrant, the officers commenced a thorough search and inventory of each room in the apartment. The search uncovered drugs, and Mr. Sturgeon was arrested and charged with possession of marijuana and possession of cocaine. He unsuccessfully moved to suppress the evidence obtained in the search and, subsequently, was found guilty of both charges.

RCW 10.31.040 provides:

> To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, . . . if, after notice of his office and purpose, he be refused admittance.[1]

The knock and wait statute is applicable not only when force is used to obtain entry, but whenever police enter without valid permission. *State v. Coyle,* 95 Wn.2d 1, 5, 621 P.2d 1256 (1980). Conversely, it does not apply to consensual entries. *State v. Hartnell,* 15 Wn. App. 410, 418, 550 P.2d 63 (1976). *See also United States v. Salgado,* 347 F.2d 216, 217 (2d Cir.), *cert. denied,* 382 U.S. 870, 15 L. Ed. 2d

---

[1]The statute applies to searches as well as arrests. *State v. Young,* 76 Wn.2d 212, 455 P.2d 595 (1969); *State v. Carson,* 21 Wn. App. 318, 320, 584 P.2d 990 (1978).

109, 86 S. Ct. 146 (1965). The State has the burden of proving that a valid exception to the knock and wait rule was satisfied. *Coyle,* at 9.

The State argues the officers' entry here was consensual and, therefore, an exception to the general applicability of the knock and wait rule. However, the cases relied upon by the State contain express invitations. In *Hartnell,* at 412, the plainclothes officer who knocked at the defendant's door asked the defendant's wife if the defendant were in.

> "She said he was in bed. I said, 'Well, I would like to talk to him.' She says, 'Well, I will see if he wants to get up.' I says, 'May I come in?['] She said, 'Come on in.'"

In *Salgado,* federal agents knocked on the apartment door, said they had business with Roberto, and were invited in by a woman who had answered the door.

We hold that the word "Yeah", construed objectively, is not an invitation to enter, especially by one not well acquainted with the resident. Thus, the court erred when it concluded the search warrant was properly executed, *i.e.,* that the knock and wait rule did not apply because there was consent to enter.

Our holding makes it unnecessary to address the other issues raised by Mr. Sturgeon.

The judgment of the Superior Court is reversed.

MUNSON and THOMPSON, JJ., concur.