[Nos. 12521-8-II; 12577-3-II.   Division Two.   August 21, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. BELINDA SUE SHELLY, ET AL, *Appellants.*

*Robert W. Huffhines,* for appellants (appointed counsel for appeal).

*C.C. Bridgewater, Jr., Prosecuting Attorney,* and *Arlen R. Sturm, Deputy,* for respondent.

PETRICH, J.—Belinda Sue Shelly and Keith Neer appeal their convictions on stipulated facts of possession of a controlled substance with intent to deliver, claiming that critical evidence seized in their apartment should have been suppressed. The basis of Shelly's motion to suppress concurred in by Neer was the violation of the "knock and announce rule," which implements the guaranties of the Fourth Amendment and is codified at RCW 10.31.040, when police entered defendants' apartment. We affirm the trial court's decision.

On May 13, 1988, Officers Cowan, Hamilton, Thompson, and Davis served a search warrant on defendants Neer and Shelly. The officers wore either full police uniforms, or jackets with police markings on the front that identified

them as police officers, when they served the warrant. Officer Thompson knocked two or three times on the defendants' front door. Defendant Shelly opened the door 2 feet, then looked startled and "jumped back."

Officer Thompson announced "Kelso Police, search warrant." The officers waited a few seconds after they identified themselves, then walked into the defendants' apartment. Defendant Shelly did not give the officers permission to enter the apartment. The police found several bags of marijuana in the home.

The trial court concluded that the police complied with the knock and announce rule, pointing out that: the officers knocked on the door; defendant Shelly responded to the knock and opened the door; and the officers were in uniform, identified themselves, and told her that they had a search warrant.

RCW 10.31.040 codifies the "knock and announce" rule. The statute provides that "[t]o make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose, he be refused admittance." Defendants contend that the police officers violated the "knock and announce" rule, because they did not give defendant Shelly an opportunity to grant or deny them admittance to the defendants' apartment. We disagree.

■■ The purposes of the knock and announce rule are to (1) reduce the potential for violence, to both occupants and police, arising from an unannounced entry; (2) prevent unnecessary property damage; and (3) protect an occupant's right to privacy. *State v. Coyle,* 95 Wn.2d 1, 5, 621 P.2d 1256 (1980). Although the statute specifically refers to an entry "to make an arrest," the knock and announce rule also applies when police officers execute a search warrant. *State v. Myers,* 102 Wn.2d 548, 552, 689 P.2d 38 (1984). Further, the rule applies not only when force is used to gain entry, but whenever the police enter without the valid permission of an occupant. *State v. Myers, supra.*

■ The rule, however, cannot be applied rigidly, or it will become an empty formality. *State v. Young,* 76 Wn.2d 212, 215, 455 P.2d 595 (1969). The conditions that the rule imposes are part of a criterion of reasonableness and are subject to certain recognized exceptions. *State v. Young,* 76 Wn.2d at 215. The court will not demand strict compliance with the requirements of the rule if such compliance would be a "useless gesture." *State v. Coyle,* 95 Wn.2d at 6, 11. The "useless gesture" exception applies when it is evident from the circumstances of the case that the authority and the purpose of the police are already known to those within the premises. *State v. Coyle,* 95 Wn.2d at 11. The police must demonstrate "virtual certainty" that the occupants of the premises are aware of the officers' presence, identity, and purpose. *State v. Coyle, supra.*

■ The facts of this case clearly show that defendant Shelly was aware of the police officers' presence, identity, and purpose when she opened the door. After defendant Shelly opened the door, observed the uniformed police, and heard them identify themselves and their purpose, any grant or denial of entrance by Shelly was irrelevant. At that point, the police, armed with a valid search warrant, could enter the premises, whether Shelly granted or denied them permission. *State v. Lehman,* 40 Wn. App. 400, 404, 698 P.2d 606, *review denied,* 104 Wn.2d 1009 (1985). Strict compliance with the knock and announce rule, thus, would have been a useless gesture.

In *Lehman,* police knocked on defendants' door and, when one of the defendants opened the door, they identified themselves and stated that they had a search warrant. While speaking with the defendant at the door, police observed two men sitting in defendants' living room. The officers then entered the defendants' home without permission. The *Lehman* court held that the officers sufficiently complied with the knock and announce rule because "[t]o wait for a grant or denial of admission . . . would serve no purpose." *State v. Lehman,* 40 Wn. App. at 404.

The reasoning of the *Lehman* court entirely supports the trial court's decision that the police officers in this case did not violate the knock and announce rule when they entered defendants' home without permission.

Affirmed.

WORSWICK, J., concurs.

ALEXANDER, C.J. (dissenting)—I dissent. Clearly, under the facts of this case the officers of the Kelso Police Department did not comply with the provisions of RCW 10.31.040, the so–called "knock and announce" rule. According to that rule, police officers are not to enter a house to serve a search warrant unless and until they have announced their office and purpose and are "refused admittance." Here, the officers announced their office and presence, however, they entered the dwelling without ever requesting admittance. Indeed, the officers entered the dwelling immediately after announcing that they were Kelso police officers and they did not even wait to hear if they were to be denied entrance or invited in.

The majority says that officers need not comply with the language of the statute because to do so would be a useless gesture. I disagree. The knock and announce rule, as the majority observed, is designed to reduce violence and to the degree possible, protect privacy. *State v. Coyle,* 95 Wn.2d 1, 5, 621 P.2d 1256 (1980). Neither of these purposes was served by the officers' conduct here. Certainly, the privacy of the inhabitants of the home sought to be searched was disturbed in a most abrupt manner. More importantly, the manner in which the police officers entered the home increased the potential for violence. It seems obvious that persons who are instantly confronted with a person barging through their doorway are more likely to act in a violent way to repel the apparent intruder than would persons who are given time to reflect. The Legislature has wisely required officers to request admittance in order to cool off

what could otherwise be a potentially violent atmosphere. We should not blithely ignore that requirement.

The facts of the case are substantially different than those in *State v. Lehman,* 40 Wn. App. 400, 404, 698 P.2d 606, *review denied,* 104 Wn.2d 1009 (1985), relied upon by the majority. There the officers went to the door and knocked. When the door was opened about 12 inches the officers identified themselves and told the person opening the door they had a warrant to search the house. They continued speaking to the person at the door for an amount of time sufficient to allow them to make certain observations about other persons in the house. The officers then entered. While, in my judgment, the knock and announce rule was technically violated in *Lehman,* there was, at least, a significantly greater pause at the door by the officers in that case than we have here. In *Lehman,* it seems apparent that the occupants were given notice that the officers intended to search and there was an opportunity for them to indicate their views about the officer's announced purpose. Here, the officers gave Shelly no time to react to their presence. It seems obvious that the rule was violated and any evidence seized as a result of the search should have been suppressed.

Reconsideration denied October 25, 1990.

Review denied at 116 Wn.2d 1015 (1991).