TAYLOR, Judge,
dissenting.
I dissent from the majority opinion, which holds that the officers, in executing the search warrant, complied with the “knock and announce” statute. § 15-5-9, Code of Alabama 1975. The trial court correctly found that the state had failed to establish that entry into the trailer was lawful.
The majority cites the testimony of Officers Tony Logan and Mitch Olive. Officer Logan testified that when the police approached the mobile home he heard Officer Olive yell “police” and that then Officer Brown used a battering ram to open the door. The majority states that Officer Olive testified that he knocked on the door five or six times before resorting to the battering ram. However, the record reflects the following:
“Q [defense counsel] — Then you’re saying that you knocked on the door several times?
“A [Officer Olive] — Yes, I did.
“Q — For how long did you knock on the door?
“A — Maybe five or six knocks.
“Q — Did you wait in between knocks?
“A — No, I didn’t.
“Q — When did Officer Brown come up and start ramming in the door?
“A — After I knocked.
“Q — Almost immediately after you knocked?
“A — I knocked and yelled “Police. Search warrant.”
“Q — And then he started ramming the door?
“A — Yes.”
(Emphasis added.) The knock and announce statute was violated and the evidence discovered as a result of the unlawful entry should be suppressed. The officers failed to wait after announcing “Police.” The trial court ruling is supported by the record and should be affirmed. A trial judge, when acting as the trier of the facts, is entitled to the same deference as a jury. He or she is present at the trial and only he or she can judge the credibility of the witnesses and the weight of the evidence. The trier of the facts has the option to accept or reject testimony.
Nor do I agree with the majority that, if the officers did not comply with the knock and announce statute, their lack of compliance was excused because of exigent circumstances. The majority states that because drugs were the object of the search, exigent circumstances existed that excused the officers’s compliance with the statute. § 15-5-9, Code of Alabama 1975.
“ ‘A belief that contraband will be destroyed must be based upon sounds or activities observed at the scene or specific prior knowledge that a particular suspect has a propensity to destroy contraband. No blanket exception exists for narcotics cases, in spite of the relative ease of disposal of drugs’ ”
Moore v. State, 650 So.2d 958 (Ala.Cr.App. 1994), quoting State v. Jeter, 30 Wash.App. 360, 634 P.2d 312, 314 (1981). (Emphasis added in Moore.)
The trial court correctly granted the defendant’s motion to suppress and I would affirm its decision. Therefore, I must dissent.